John L. **FORD** et ux., Appellants,

v.

**SHALLOWATER AIRPORT** et al., Appellees.

No. 8306.

Court of Civil Appeals of Texas, Amarillo.

March 19, 1973.

Rehearing Denied April 16, 1973.

Hurley & Sowder (Madison Sowder), Lubbock, for appellants.

Stokes, Carnahan & Fields (Richard E. Stokes, Jr.), Amarillo, Key, Carr, Evans & Fouts (Donald M. Hunt), McWhorter, Cobb & Johnson (Dale H. Johnson), Lubbock, Rassman, Gunter & Boldrick (John E. Gunter), Midland, Nelson, McCleskey, Harriger & Brazill (Harold O. Harriger), Crenshaw, Dupree & Milam (J. Orville Smith), Lubbock, for appellees.

JOY, Justice.

This action involves a suit for personal injuries allegedly sustained as a result of negligent application of a pesticide. From an instructed verdict in favor of all defendants the plaintiffs have taken this appeal. Affirmed.

McAlister was a pilot employed by Shallowater Airport, Inc. to aerially apply chemicals to farmland and crops. Plaintiff Ford contends that a pesticide called parathion applied by Shallowater to a farm across a county road from the Ford's farm home drifted across on to Ford's peach orchard. At a later date while processing peaches from the orchard, Mrs. Ford became ill and over an extended period of time incurred substantial doctor and hospital bills as a result thereof. Ford brought suit against McAlister and Shallowater Airport alleging negligence in the application of the pesticide. Shallowater then brought its third party action against five chemical companies alleging that in the event injuries were sustained by plaintiffs then the materials used were either faulty, inherently dangerous, improperly labeled, or the warning was insufficient. Upon a trial before a jury and after the presentation of evidence by both plaintiffs and defendants, the case, after motions for instructed verdict were filed by all defendants, was withdrawn from the jury and judgment rendered for all defendants.

Appellant Ford by his first point of error contends there were genuine fact issues raised of negligence of Shallowater Airport and McAlister. This necessitates a review of the evidence. The actual spraying of the Teeter farm occurred on August 5, 1968. We find that neither Ford nor his wife detected any spray coming from the plane as it aerially sprayed the chemical on the nearby Teeter farm. Neither plaintiff saw the airplane fly near or over their home, nor did they notice any odor of pesticide, nor observe any drift of the spray whatsoever. Mrs. Ford testified that she became nauseated sometime thereafter, and from a review of the record we are unable to find the first date. Her nausea was relieved sometime the latter part of August when she and her family went on vacation for a period of some two weeks. Upon returning home sometime the first part of September, 1968, she again suffered nausea and while processing peaches on approximately September 15, 1968, she became violently ill. McAlister, the pilot of the spray plane, testified that

on the date that the spraying of the pesticide took place, the wind was approximately 10 miles per hour from the south, and that during the spraying operations, the maximum drift of the pesticide would have been 20 to 25 feet. The testimony indicated that the orchard and home of the Fords were several hundred feet from the nearest spraying activity; however, the evidence as to the location of the orchard in relation to the Teeter farm is uncertain. From a review of the extensive record, we can find no more than a scintilla of evidence in regard to the negligence of McAlister and Shallowater Airport. Negligence cannot be based on a scintilla, which, in law, amounts to no evidence. Neither can negligence be based upon a mere surmise or suspicion. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (Tex.1898); see also, 24 Tex. Jur.2d Evidence § 721 and the numerous cases cited thereunder. Appellants' first point is overruled.

■ Appellants' next point asserts as error the failure of the trial court to consider the evidence in the light of the extreme danger of the activities and the high risk of harm to appellants. Appellants cite as authority a treatise and certain out-of-state cases. We are not persuaded by appellants' argument nor authorities and do not choose to follow the out-of-state rules. Spraying a chemical by an airplane certainly can become dangerous by its mode of operation. However, as indicated by our discussion of the status of the evidence under point one above, we are unable to find that the activity itself was dangerous to the appellants as no evidence of probative force was introduced to show that there was any causal connection between the spraying and the illness of Mrs. Ford. The point is overruled.

In their third point, appellants assert that there was sufficient evidence to submit to the jury for its decision as to which one, if not all, of the five chemical companies were liable. The evidence as reflected by the record shows that Shallowater Airport purchased parathion from various companies and that no records were kept segregating the product at Shallowater Airport's place of business as to the seller or manufacturer of the pesticide used on the occasion in question. In view of our holdings above of no causal connection shown between the use of the pesticide and the injuries of appellant, the question of who furnished the pesticide becomes moot. Appellants' point three is overruled.

The judgment of the trial court is affirmed.